# IN THE COURT OF APPEALS OF IOWA

No. 22-1374
Filed November 2, 2022

**IN THE INTEREST OF N.C.,**
**Minor Child,**

**C.M., Mother,**
      Appellant.
_____

      Appeal from the Iowa District Court for Woodbury County,
Mary Jane Sokolovske, Judge.


      A mother appeals the termination of her parental rights.  **AFFIRMED.**


      Teresa A. O'Brien, Sioux City, for appellant mother.

      Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

      Joseph W. Kertels of the Juvenile Law Center, Sioux City, attorney and
guardian ad litem for minor child.


      Considered by Vaitheswaran, P.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

The juvenile court terminated a mother's parental rights to one of her children[1] pursuant to Iowa Code section 232.116(1)(g), (h), and (*l*) (2022).[2] The mother appeals.

We review termination-of-parental-rights proceedings de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). The mother raises only one reviewable claim on appeal—that the State failed to prove the statutory ground for termination under section 232.116(1)(g).[3] She does not challenge the grounds for termination under section 232.116(1)(h) or (*l*).

We need not address the mother's challenge to termination under section 232.116(1)(g). When, as here, a parent's rights are terminated under multiple statutory grounds, we may affirm on any ground supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). As the mother fails to challenge termination under section 232.116(1)(h) or (*l*), she waives any claim of error on those grounds. *See In re R.S.,* No. 22-0196, 2022 WL 4362192, at *1 (Iowa Ct. App. Sep. 21, 2022) (holding failure to challenge one of the grounds for termination permits us to affirm on that ground without analyzing other grounds challenged).

---

[1] The mother also has two adult children, two more minor children who are not in her care (her parental rights were previously terminated to one of these children), and a newborn who is the subject of a separate child-in-need-of-assistance proceeding.

[2] The State did not seek termination of the parental rights of the child's father.

[3] The mother also makes conclusory statements claiming the Iowa Department of Health and Human Services exceeded its authority. However, she does not develop these statements into an argument for our review. As a result, we deem any such issues waived. *See In re C.M.*, No. 19-2056, 2020 WL 1550685, at *3 (Iowa Ct. App. Apr. 1, 2020) (recognizing failure to cite authority or develop bare assertions may amount to waiver of an issue).

Accordingly, we affirm the juvenile court's ruling that termination is appropriate under section 232.116(1)(h) and (*l*).

**AFFIRMED.**